Parker, J.
 

 This is an .appeal by the defendant, Arctic Construction Company, from a decree of the superior court for King county finding and establishing the value of a large tract of business property situated in the business district of Seattle, for the purpose of determining the annual ground rent to be paid therefor by the defendant to the plaintiff, Monidah Trust, in accordance with the terms of a fifty-year lease contract entered into between them.
 

 On March 19, 1908, the Monidah Trust, being the owner of an unimproved tract of land fronting easterly
 
 *629
 
 180 feet on Third avenue and southerly 111 feet on J eff erson street, in the business district of Seattle, entered into a ground lease contract therefor, leasing the whole tract to the construction company for the term of fifty years, commencing on June 1,1908. It was, by the terms of the lease, agreed that the rent reserved should be four per cent per annum upon the value of the whole tract as then agreed upon, and as later to be determined as in the lease provided. The value of the tract was then agreed to be $540,000 for the first five years of the term and $630,000 for the second five years of the term.
 

 It was further agreed that, for each of the four remaining ten-year periods of the term, the value of the tract should be determined by appraisers, to be chosen as in the lease provided, within 120 days prior to the beginning of each ten-year period. Prior to the beginning of the ten-year period commencing June 1, 1918, the value of the tract was fixed by appraisement at $217,130 and rent therefor paid accordingly during that ten-year period. Within the prescribed 120 days immediately preceding the ten-year period commencing June 1,1928, efforts were made by the parties to effect an appraisement for that period, which failed. Thereupon the Monidah Trust commenced this action in the superior court seeking a decree determining the value of the tract for that ten-year period, which resulted in a decree fixing the value of the tract, as of June 1,1928, at $192,000. It is from this decree that the construction company prosecutes this appeal.
 

 There is no controversy here but that the failure of the appraisement efforts of the parties was such as to entitle either party to invoke the equity jurisdiction of the superior court for the purpose of determining the value of the tract as a basis for rent to be paid during the ten-year period commencing June 1, 1928.
 
 *630
 
 Nor is there any question calling for serious consideration here other than the ultimate question of fact as to the value of the tract as of June 1, 1928. The evidence consisted of opinion evidence of witnesses of experience in real estate values in the business district of Seattle, supplemented by evidence touching the earning power of business property in that district; changes occurring generally in the location of retail business territory tending to move away from the neighborhood of the tract; proximity of the tract to the financial district and its evident permanency of location; proximity of the new courthouse and city hall opposite the tract across Third avenue; a pedestrian traffic survey of a large part of the main business district of the city; and other matters bearing on the value of the tract.
 

 Five witnesses for the Monidah Trust, all men of experience in real estate values in the business district of the city, and all apparently disinterested in this particular controversy, testified as to their respective opinions touching the value of the tract as follows: $200,000, $210,000, $222,000, $231,000, $285,000. Five witnesses for the construction company, all men of experience in real estate values in the business district, but not all disinterested in this particular controversy, testified to their respective opinions as to the value of the tract as follows: $90,000 to $100,000, $90,000 to $100,000, $95,000, $100,000, $115,000. These several opinion witnesses for the parties were all examined at great length, both direct and cross, touching their respective qualifications; the basis of their respective opinions as to the value of the tract; and as to their interest, if any, in this particular controversy.
 

 The trial judge, after a manifestly very painstaking-consideration of the very voluminous evidence, concluded that the tract was normally of the value of an
 
 *631
 
 average of $1,000 per front foot for the 180 feet fronting on Third avenue, thus arriving at the conclusion that normally the value of the tract would he $180,000. To this he added $12,000 additional for increased value by reason of the large size of the tract, making it available for a single, large construction project; which is, according to the undisputed evidence, an added element of value to any large tract situated in the business district of a large and growing city.
 

 Our somewhat laborious review of the evidence, as abstracted by counsel, convinces us that not only does the evidence not preponderate against the trial court’s conclusion, hut, as we read it, preponderates in support thereof; though it must be conceded that here, as in all controversies of this nature, there is ample room for argument and difference of opinion. We do not feel called upon to analyze in this opinion the voluminous evidence with a view of demonstrating that the decree of the superior court should not be disturbed.
 

 The decree is affirmed.
 

 Mitchell, O. J., Tolman, Beals, and Millard, JJ., concur.